People ex rel. Hummel v. Trial Term, 184 N. Y. 30, 76 N. E. 732. And the Third Department has expressly held that such an appeal as this does not lie. People v. Rutherford, 47 App. Div. 209, 62 N. Y. Supp. 224. That decision has never been overruled, as far as I know. It commends itself to my judgment, and I think we should follow it in this case.

The motion to dismiss the appeal should be granted. All concur, except WILLIAMS, J., who dissents, first, upon the ground that the order is appealable; second, upon the ground that, being appealable, the grand jury minutes having been used on the decision of the motion, and, as shown by the order, considered by the court, and its decision based upon them, defendant is entitled to have those minutes included in the record on appeal to this court.

---

### SCHECHTER v. BERGER MFG. CO.

(Supreme Court, Appellate Division, First Department. December 1, 1911.)

1. MUNICIPAL CORPORATIONS (§ 706*)—INJURIES TO PEDESTRIAN—NEGLIGENCE —EVIDENCE.

Whether the owner of a vehicle which struck a child on a street was guilty of negligence *held*, under the evidence, for the jury.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

2. MUNICIPAL CORPORATIONS (§ 706*)—ACCIDENTS TO PEDESTRIAN—OWNERSHIP OF VEHICLE—EVIDENCE.

In an action for injuries to a child struck by a vehicle, evidence *held* to support a finding of defendant's ownership and control, notwithstanding the testimony that the vehicle was the property and under the direction of a third person, employed for the delivery of defendant's goods.

[Ed. Note.—For other cases, see Municipal Corporations, Dec. Dig. § 706.*]

Dowling, J., dissenting.

Appeal from Trial Term, New York County.

Action by Hyman Schechter, an infant, by Samuel Schechter, his guardian ad litem, against the Berger Manufacturing Company. From an order setting aside a verdict for plaintiff and granting a new trial, plaintiff appeals. Reversed, and verdict reinstated.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, MILLER, and DOWLING, JJ.

Julian J. Raphael (Edward W. S. Johnston, of counsel, and M. Spencer Bevins, on the brief), for appellant.

Gross & Surpless (Fred L. Gross, of counsel), for respondent.

CLARKE, J. The order appealed from sets aside a verdict and grants a new trial "upon the ground that said verdict is against the weight of evidence, not only as to ownership and control of the vehicle alleged to have run over the plaintiff, but also on the question of the defendant's negligence."

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[1] Plaintiff at the time of the accident was a child five years of age. Three eyewitnesses testified that they saw the boy leave the curb on the south side of Thirteenth street, between Avenues B and C, when the team which injured him was 160 to 180 feet from him. Two of them testified that before he started the boy looked up and down the street. They all testified that there were no other vehicles in the street; that he proceeded straight across towards the north side of the street, and had reached about the middle of the roadway, which was testified to be 30 feet wide, and had crossed in front of the team, when he was hit by the horse on the north side and knocked under the wheels. A fourth witness testified that she saw him at the moment that the wheels were passing over him, and that they were the wheels on the north side of the wagon. There is no dispute but that the wagon proceeded at least 100 feet after the accident and was stopped by people who ran after it.

Two witnesses for the defense testified that the boy was playing in the roadway with other boys; that he was not hit by the horses, but backed into the wagon between the fore and hind wheels, and was thus knocked down and run over. It is clear that an issue of fact was presented as to the defendant's negligence, which required submission to the jury. That issue they decided in favor of the plaintiff, and the verdict is fully sustained by the evidence, and should not have been disturbed by the trial court.

[2] In regard to the ownership and control of the vehicle, a prima facie case was made out by the plaintiff when it was shown that the truck carried a sign:

"Berger Manufacturing Co., 210 East 23d Street, Metal Ceilings."

The defendant claimed that it had an oral arrangement with Heller & Klosset to do its trucking at $50 per week from 7 o'clock a. m. to 5 o'clock p. m., that this accident happened at about 5:30 p. m. and that it was not responsible therefor. The general manager, one of the principal stockholders of the defendant, and the only witness for defendant upon this point, testified: That the Berger Manufacturing Company originally did its own trucking. That "Heller & Klosset had been employed by us since 1898. They were drivers for us. I mean at the time we did our own trucking." That he bought the trucks originally in 1897. That the company sold the trucks to Clinchy in 1902 or 1904, and that Clinchy then made deliveries for the company, and while he was doing that he had Heller and Klosset working for him as his drivers. That Clinchy had the trucks for about two years, and that the witness then bought the trucks, "and I wanted Heller and Klosset to continue to do the driving, making deliveries." "I sold those trucks to Heller & Klosset. I have no evidence of the fact that that was a sale by me to them, none at all, in January, 1906." That he paid the feed bills, the horseshoeing, and other wagon bills, and everything else connected with the running of those teams. That the accident occurred in May, 1907, and that a chattel mortgage was taken on August 7, 1907, although he claimed the trucks had been sold to Heller & Klosset in January, 1906. The following is from the record:

"Q. What was your reason for taking the mortgage after the accident? A. On account of this action. They had brought suit against Mr. Heller, I

believe, also, and I wanted to protect myself against that suit. Brought suit against Heller for the same accident. Q. And withdrew that suit? That suit has never been pressed to trial, has it, to your knowledge? A. I don't know. Q. Is Mr. Heller here in court? A. No, sir. Q. Was he here at the last trial? A. Yes, sir. Q. Is Mr. Klosset here in court? A. No, sir. Heller is still doing our trucking. He is not here this morning. He is not going to be here this afternoon."

This testimony was given by a highly interested witness. It was entirely uncorroborated. Neither Heller nor Klosset was produced. The jury were entitled to find, and did find, that the story of the relations between the defendant and its drivers, by which it undertook to escape responsibility for the accident, was incredible. The learned trial court charged the jury: .

"If you find that there was a contract, as sworn to by one of the witnesses in this case, of employment merely for the delivery of the defendant's goods, and that the truck, the team and the driver were the property of and under the direction and absolute control of Heller & Klosset, then of course no liability attaches to these defendants, and the case ends; but both are questions of fact for you to determine upon the evidence in this case."

The point was thus clearly presented to the jury. We think that their answer in favor of the plaintiff was not against the weight of evidence.

The order appealed from should be reversed, and the verdict reinstated, with costs and disbursements to the appellant.

INGRAHAM, P. J., and SCOTT and MILLER, JJ., concur. DOWLING, J., dissents.